IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TALEO CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. |
| | ) |
| GEOTAG, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## TALEO CORPORATION'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

For its complaint, Taleo Corporation ("Taleo") alleges as follows:

### NATURE OF THE CASE

1. Taleo seeks a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,930,474 ("the '474 Patent") (Exhibit A hereto) against Defendant GeoTag, Inc. ("GeoTag").

### PARTIES

2. Taleo is a corporation organized in Delaware with its principal place of business at 4140 Dublin Boulevard, Dublin, California 94568.

3. Taleo is a provider of talent management systems that assist customers in various aspects of the human resources process, including recruiting.

4. From July 16, 2010, until October 10, 2011, GeoTag was a corporation organized in Delaware with its principal place of business at 555 Republic Drive, Suite 200, Plano, Texas 75074. On information and belief, GeoTag became a Texas corporation as a result of a merger with a holding company formed for purposes of the merger. Today GeoTag is a Texas Corporation with a principal place of business in Frisco, Texas.

## BACKGROUND

5. Over the past two years, GeoTag has accused more than 500 companies of infringing the '474 Patent in 20 separate lawsuits filed in the Texas United States District Court for the Eastern District of Texas (hereinafter "the Texas Actions").

6. Approximately eighty of the companies sued by GeoTag in the Texas Actions are Taleo's customers. At least ten of these customers have been specifically accused of infringement of the '474 patent based on job search database technology provided by Taleo.

7. In addition to the customers already sued by GeoTag in the Texas Actions, GeoTag's continued filing of additional complaints against other alleged infringers poses a significant risk that other Taleo customers will be sued for infringement of the '474 Patent.

8. Several Taleo customers that are named as defendants in the Texas Actions have sought indemnification from Taleo, and other Taleo customers currently in the Texas Actions are likely to demand indemnification. If GeoTag sues additional Taleo customers, it is likely that those customers will also seek indemnification from Taleo.

## JURISDICTION AND VENUE

9. There is an actual controversy between Taleo and GeoTag regarding whether use of Taleo's job search database products infringes the '474 Patent and as to whether the '474 Patent is valid.

10. This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.

11. Venue is proper in this judicial district pursuant to Title 28 U.S.C. §§ 1391(b) and (c) because GeoTag was a Delaware corporation when actions giving rise to this case occurred.

12. This Court has personal jurisdiction over GeoTag because GeoTag was a Delaware corporation from July 16, 2010, until October 10, 2011. Prior to its reincorporation in Texas, beginning in July 2010, GeoTag sued several Taleo customers for infringement of the '474 Patent in several of the Texas Actions. Several of Taleo's customers have demanded indemnity related to GeoTag's claims in the Texas Actions filed prior to GeoTag's reincorporation in Texas.

13. Taleo brings these claims because GeoTag purports to be the record owner of the '474 Patent.

## FIRST CLAIM FOR RELIEF
(Non-Infringement)

14. Taleo repeats and realleges Paragraphs 1 through 13 above as if fully set forth herein.

15. A case or controversy exists between Taleo and GeoTag concerning the non-infringement of the '474 Patent, *inter alia*, due to GeoTag's numerous claims targeting Taleo's job search database products.

16. Taleo is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any claim of the '474 Patent, either directly or by inducing others to infringe or by contributing to infringement by others, either literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF
(Invalidity)

17. Taleo repeats and realleges Paragraphs 1 through 16 above as if fully set forth herein.

18. A case or controversy exists between Taleo and GeoTag regarding the invalidity of the '474 Patent.

19. The claims of the '474 Patent are invalid for failure to meet the requirements of 35 U.S.C. §§ 1 et seq., including sections 101, 102, 103, and 112.

## REQUEST FOR RELIEF

WHEREFORE, Taleo seeks judgment awarding it the following relief:

a) That every claim of U.S. Patent No. 5,930,474 be declared invalid;

b) That neither Taleo nor its customers, including those sued in another judicial district, infringe any valid claim of the '474 Patent;

c) That the Court finds this an exceptional case and that Taleo be awarded its attorneys' fees, costs, and expenses incurred in connection with this action; and

d) That the Court award such other and further relief as the Court deems just.

## JURY DEMAND

Taleo hereby demands a trial by jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Thomas C. Grimm
_____
Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Plaintiff*

OF COUNSEL:

Jason C. Kravitz
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000

David C. McKone
NIXON PEABODY LLP
300 S. Riverside Plaza
16th Floor
Chicago, IL  60606
(312) 425-3900

May 18, 2012
5934282