## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TALEO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-621 (RGA) |
| | ) | |
| GEOTAG, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT GEOTAG, INC.'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

OF COUNSEL:

Eric W. Buether
Christopher M. Joe
Niky Bukovcan
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
(214) 466-1272
eric.buether@bjciplaw.com
chris.joe@bjciplaw.com
niky.bukovcan@bjciplaw.com

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com

**ATTORNEYS FOR DEFENDANT
GEOTAG, INC.**

Dated:  June 21, 2012

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ...................................................................................................1

    A.      The Background of GeoTag and the Texas Litigation...........................................1

    B.      Taleo's Unsuccessful Motion to Intervene in the Microsoft/Google
        Declaratory Judgment Action. ..................................................................................2

    C.      Taleo's Declaratory Judgment Action. ....................................................................2

III.    ARGUMENT AND AUTHORITIES.......................................................................3

    A.      Plaintiff's Complaint Should Be Dismissed Under FRCP 12(b)(2)
        for Lack of Personal Jurisdiction ............................................................................3

        1.      Legal Standard for Personal Jurisdiction Over a Defendant
            in a Declaratory Judgment Act Seeking a Declaration of
            Noninfringement and Invalidity of a Patent.................................................3

        2.      This Court Lacks Personal Jurisdiction Over GeoTag Based
            Upon GeoTag's Lawsuits Against Taleo Customers in
            Texas ..........................................................................................................5

    B.      In the Alternative, the Court Should Transfer this Case to the
        Eastern District of Texas Pursuant to the First to File Rule .................................10

    C.      In the Alternative, the Court Should Transfer the Case Under 28
        U.S.C. § 1404(a) to the Eastern District of Texas in the Interest of
        Justice.....................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Advanta Corp. v. Visa U.S.A.*, Inc., No. 96-7940,
    1997 WL 88906 (E.D. Pa. Feb. 19, 1997) ..............................................................10

*A.J. Indus., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*,
    503 F.2d 384 (9th Cir. 1974) ...............................................................................12

*Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458 (D. Del. 1991)...........................5

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012 (Fed. Cir. 2009) ......................6, 7

*Avocent Huntsville Corp. v. Allen Int'l Co., Ltd.*, 552 F.3d 1324 (Fed. Cir. 2008) .............3, 7, 8, 9

*Boone v. Oy Partek Ab*,
    724 A.2d 1150 (Del. Super. 1997), *aff'd*, 707 A.2d 765 (Del. 1998) .......................................4

*Boston Sci. Corp. v. Wall Cardiovascular Techs., LLC*,
    647 F. Supp. 2d 358 (D. Del. 2009)....................................................................4, 10

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)................................................................4

*Campbell Pet Co. v. Miale*, 542 F.3d 879 (Fed. Cir. 2008)...........................................................7

*E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969 (3d Cir. 1988) ..........................................................10

*Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341 (Fed. Cir. 2005) ......................................10

*Electronics for Imaging, Inc. v. Tesseron, Ltd.*,
    2008 WL 276567 (N.D. Cal. Jan. 29, 2008) ...........................................................12

*Ferens v. John Deere Co.*, 494 U.S. 516 (1990)........................................................................12

*Forest Labs., Inc. v. Cobalt Labs., Inc.*,
    2009 U.S. Dist. LEXIS 17692 (D. Del. Mar. 9, 2009) .............................................3

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed.Cir. 1993)................................................10

*Hercules Inc. v. Leu Trust & Banking (Bahamas) Ltd.*, 611 A.2d 476 (Del. 1992) .......................4

*Horton Archery, LLC, v. Am. Hunting Innovations, LLC*, No. 5:09CV1604,
    2010 WL 395572 (N.D. Ohio Jan. 27, 2010).................................................... 10-11

*Juniper Networks, Inc. v SSL Services LLC*,
    Civil Action No. C 08-5758 SBA (N.D. Cal. November 16, 2009) .......................8, 9

*LaNuova D & B S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764 (D. Del. 1986) .......................................4

*L'Athene, Inc. v. EarthSpring LLC*, 570 F. Supp. 2d 588 (D. Del. 2008).......................................3

*Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334 (Fed. Cir. 2006) .......................5

*Power Integrations, Inc. v. BCD Semiconductor Corp.*,
    547 F. Supp. 2d 365 (D. Del. 2008)...................................................................................4

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987)...................5

*Radio Systems Corp. v. Accession, Inc.*, 638 F.3d 785 (Fed. Cir. 2011) ..............................6, 7, 10

*Reach & Assocs. P.C. v. Dencer*, 269 F. Supp. 2d 497 (D. Del. 2003) ........................................4

*Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998)........6, 7

*Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947 (5th Cir. 1997) ...........................................10

*Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404 (E.D. Pa. 2008) .........................11

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984) .....................3, 5

*Vikoma Int'l, Ltd. v. Oil Stop, Inc.*,
    1993 U.S. Dist. LEXIS 776, 1993 WL 14647 (D. Del. Jan. 14, 1993)................................4, 5

*Western Digital Technologies, Inc. v. Board of Regents of the University of Texas System*,
    Civil Action No. C 10-3595 SBA (N.D. Cal. January 12, 2011) ...............................................9

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)...............................................4

**Statutes**

10 Del. C. § 3104(c).....................................................................................................................5

28 U.S.C. § 1404(a) .................................................................................................................1, 11

**Rules**

Federal Rule of Civil Procedure 12(b)(2) ...............................................................................3, 5

Federal Rule of Civil Procedure 26(f) .........................................................................................1

## I.      INTRODUCTION

Defendant GeoTag, Inc. ("GeoTag") moves the Court for the following relief: (1) to dismiss Plaintiff Taleo Corporation's complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction; (2) to transfer this action to the United States District Court for the Eastern District of Texas under the first to file rule; or (3) to transfer this action to the United States District Court for the Eastern District of Texas under 28 U.S.C. § 1404(a).

## II.      BACKGROUND

### A.      The Background of GeoTag and the Texas Litigation.

The Court is already familiar with the background of GeoTag in connection with other litigation involving GeoTag pending before this Court.  Certain facts pertinent to GeoTag's motion in this case are set forth here.

On or about July 16, 2010, Ubixo Inc., a British Virgin Island corporation, was reincorporated as a Delaware corporation and changed its name to GeoTag Inc. ("GeoTag Delaware").  On or about October 10, 2011, GeoTag Delaware was merged into GeoTag, Inc., a corporation incorporated under the laws of Texas ("GeoTag Texas").  After the merger of GeoTag Delaware into GeoTag Texas, GeoTag Delaware no longer existed as a legal entity.  *See* D.I. 1, Taleo Complaint at ¶4 and Exhibit A.  Beginning in July 2010, GeoTag initiated several lawsuits asserting claims for infringement of the `474 patent that is the subject of this lawsuit brought by Taleo.  *See* Taleo Complaint at ¶5.

All of the Texas litigation involving GeoTag has been assigned to Judge Michael H. Schneider of the United States District Court for the Eastern District of Texas, Tyler Division. On April 12, 2012, Judge Tyler issued an order requiring the parties in all of the Texas litigation to meet and confer regarding the issues set forth in Rule 26(f) of the Federal Rules of Civil

Procedure, and submit a joint report to the Court that reflects the parties' detailed case management plan and to appear for a scheduling conference on July 11, 2012.

### B. Taleo's Unsuccessful Motion to Intervene in the Microsoft/Google Declaratory Judgment Action.

On March 26, 2012, Taleo filed its motion to intervene in a lawsuit filed on March 1, 2011, by Microsoft Corp. and Google Inc. against GeoTag Delaware. D.I. 51 in C.A. No. 11-175 RGA.   In its memorandum in support of its motion to intervene, Taleo asserted that it "manufactures and supplies job search database software that allows job seekers to visit a Taleo customer's website and search for jobs by geographic area, D.I. 52 at 3.  Taleo asserted that, in the litigation initiated by GeoTag in Texas, GeoTag had sued several of its customers for infringement of the `474 patent. *Id*.  Taleo asserted that it first learned of one indemnity demand from a customer sued in the GeoTag Texas litigation in October 2011, and learned of the eight other indemnity demands as they came in over the course of four months. D.I. 79 at 5.  Taleo sought to intervene in the Microsoft/Google lawsuit to assert its own claims against GeoTag seeking a declaration of noninfringement and invalidity of the `474 patent with respect to its own customers.  On May 18, 2012, this Court denied Taleo's motion to intervene. D.I 97.

### C. Taleo's Declaratory Judgment Action.

Taleo, on the same day this Court denied its motion to intervene, filed this declaratory judgment action seeking a declaration of noninfringement and invalidity of the `474 patent with respect to its customers.   Taleo alleges in its complaint that "[a]pproximately eighty of the companies sued by GeoTag in the Texas Actions are Taleo's customers" and "[a]t least ten of these customers have been specifically accused of infringement of the `474 patent based on job search database technology provided by Taleo. Taleo Complaint at ¶6.

The only factual allegations in Taleo's complaint relating to this Court's personal jurisdiction over GeoTag regarding the proposed intervenors' claims are as follows:

> This Court has personal jurisdiction over GeoTag because GeoTag was a Delaware corporation from July 16, 2010, until October 10, 2011. Prior to its reincorporation in Texas, beginning in July 2010, GeoTag sued several Taleo customers for infringement of the '474 Patent in several of the Texas Actions. Several of Taleo's customers have demanded indemnity related to GeoTag's claims in the Texas Actions filed prior to GeoTag's reincorporation in Texas.

Taleo Complaint at ¶ 12.

## III.   ARGUMENT AND AUTHORITIES

### A.   Plaintiff's Complaint Should Be Dismissed Under FRCP 12(b)(2) for Lack of Personal Jurisdiction

#### 1.   Legal Standard for Personal Jurisdiction Over a Defendant in a Declaratory Judgment Act Seeking a Declaration of Noninfringement and Invalidity of a Patent

Federal Rule of Civil Procedure 12(b)(2) directs the Court to dismiss a case when it lacks personal jurisdiction over the defendant. *Forest Labs., Inc. v. Cobalt Labs., Inc.*, 2009 U.S. Dist. LEXIS 17692, 19-20 (D. Del. Mar. 9, 2009).

The issue of personal jurisdiction in patent infringement cases is governed by Federal Circuit law. *See Avocent Huntsville Corp. v. Allen Int'l Co., Ltd.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). Under Federal Circuit law, a court addressing personal jurisdiction is to make two inquiries: (1) "whether a forum state's long-arm statute permits service of process;" and (2) "whether the assertion of personal jurisdiction would violate due process." *Id.* (citation omitted). *Cf. L'Athene, Inc. v. EarthSpring LLC*, 570 F. Supp. 2d 588, 590 (D. Del. 2008) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984) (to establish personal jurisdiction, plaintiff must show, by a preponderance of the evidence, that (1) "there is a statutory basis for jurisdiction under the forum state's long-arm statute" and (2) "the exercise of

jurisdiction comports with the defendant's right to due process"); *Reach & Assocs. P.C. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003)).

Delaware state courts interpret Delaware's long-arm statute as "confer[ring] jurisdiction to the maximum extent possible under the Due Process Clause." *Hercules Inc. v. Leu Trust & Banking (Bahamas) Ltd.*, 611 A.2d 476, 480-81 (Del. 1992); *LaNuova D & B S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764, 768 (D. Del. 1986); *see also Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del. Super. 1997), *aff'd*, 707 A.2d 765 (Del. 1998). The jurisdictional analysis, however, "must not be collapsed into a single constitutional inquiry." *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 370 n.3 (D. Del. 2008). Accordingly, personal jurisdiction over a defendant is only proper if it meets the requirements of Delaware's long-arm statute and, separately, comports with due process. *Boston Sci. Corp. v. Wall Cardiovascular Techs.*, LLC, 647 F. Supp. 2d 358, 364-365 (D. Del. 2009).

If a defendant is found to be within the reach of the long-arm statute, the court then must analyze whether the exercise of personal jurisdiction comports with due process. *Shoemaker*, 556 F. Supp. 2d at 354. The exercise of personal jurisdiction comports with due process where "the defendant's conduct is such that it should 'reasonably anticipate being haled into court there.'" *L'Athene*, 570 F. Supp. 2d at 591 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Personal jurisdiction may be either specific or general. *Vikoma Int'l, Ltd. v. Oil Stop, Inc.*, 1993 U.S. Dist. LEXIS 776, 1993 WL 14647, at *2 (D. Del. Jan. 14, 1993). For the court to exercise specific personal jurisdiction consistent with due process, plaintiff's cause of action must have arisen from the defendant's activities in the forum state. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Woodson*, 444 U.S. at 297). For the court to exercise general personal jurisdiction consistent with due process, plaintiff's cause of

action can be unrelated to the defendant's activities in the forum state so long as the defendant has "continuous and systematic contacts with the forum state." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1470 (D. Del. 1991); *Vikoma*, 1993 U.S. Dist. LEXIS 776, 1993 WL 14647, at *2.

Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. *See Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1344 (Fed. Cir. 2006); *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

## 2. This Court Lacks Personal Jurisdiction Over GeoTag Based Upon GeoTag's Lawsuits Against Taleo Customers in Texas

None of the sections under Delaware's long-arm statute provide justification for service upon GeoTag. Taleo acknowledges that GeoTag is no longer incorporated or organized under Delaware law, and does not allege that GeoTag maintains any office or other place of business in Delaware, is licensed to do business in Delaware, has an agent for service of process in Delaware, has a telephone number or bank account in Delaware, has any employees or agents in Delaware, or is a party to any contract to supply services or things in Delaware. Taleo acknowledges that the lawsuits against its customers that are the basis for its action for declaratory relief were filed in Texas, not Delaware. Taleo also does not allege that GeoTag regularly and continuously conducted business within Delaware. Thus, the Delaware long-arm statute, 10 Del. C. § 3104(c), cannot lawfully be used as a basis to serve GeoTag.

Even if the court were to assume that GeoTag is amenable to process under the Delaware long-arm statute, Taleo has not demonstrated that the court can exercise personal jurisdiction over GeoTag consistent with due process. More specifically, Taleo has not alleged facts sufficient to establish that GeoTag has "minimum contacts" with Delaware "such that [it] should reasonably anticipate being haled into court [here]." *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358-59 (Fed. Cir. 1998).

The Federal Circuit in *Avocent* specifically addressed the issue of the contacts with a forum required to justify the exercise of personal jurisdiction over a patentee in a declaratory judgment action. The court in *Avocent* explained that the contacts material to the specific jurisdiction analysis in a declaratory judgment action are not just any activities related to the patent-at-issue. Rather, the relevant activities are those that the defendant "purposefully directs . . . at the forum which relate in some material way to the enforcement or the defense of the patent." *Id*. at 1336. Thus, courts must examine the jurisdictional facts for conduct whereby the patentee "may be said to purposefully avail itself of the forum and to engage in activity that relates to the validity and enforceability of the patent." *Id*. As the Federal Circuit later declared in *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012 (Fed. Cir. 2009), "[o]ur holding in *Avocent* was that only enforcement or defense efforts related to the patent rather than the patentee's own commercialization efforts are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee." *Id*. at 1019-1020.

Similarly, in *Radio Systems Corp. v. Accession, Inc.*, 638 F.3d 785 (Fed. Cir. 2011), the Federal Circuit reaffirmed that "the relevant inquiry for specific jurisdiction is "to what extent . . . the defendant patentee purposefully directed such enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those

activities.'"  *Id*. at 789 (citing *Avocent*, 552 F.3d at 1332) (internal citations and quotation marks omitted).  "Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action."  *Id*.  (internal citation omitted).

Furthermore, "even though cease-and-desist letters alone are often substantially related to the cause of action (thus providing minimum contacts), the minimum requirements inherent in the concept of fair play and substantial justice . . . defeat the reasonableness of jurisdiction."  *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d at 1361 (internal citation and quotations marks omitted).

Thus, in declaratory judgment actions where a plaintiff seeks a judgment of non-infringement, the Federal Circuit has "required the defendant to have engaged in 'other activities' that relate to the enforcement or . . . defense of the validity of the relevant patents."  *Avocent*, 552 F.3d at 1334 (citing *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008)).  "Examples of these 'other activities' include initiating judicial or extra-judicial patent enforcement **within the forum**, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum."  Id. (emphasis added) (citing *Campbell Pet Co.*, 542 F.3d at 886).

In this case, the only activity engaged in by GeoTag identified by Taleo giving rise to its declaratory judgment claims for relief is the filing of lawsuits against Taleo customers in Texas. Taleo has not alleged that GeoTag has initiated any enforcement efforts related to the patent in Delaware.  Taleo's complaint, therefore, should be dismissed.  *See e.g. Autogenomics, Inc.*, 566 F.3d at 1021 (holding "that the district court d[id] not have specific personal jurisdiction over [defendant] because [plaintiff] has failed to allege sufficient activities relat[ing] to the validity

and enforceability of the patent in addition to the cease-and-desist communication") (internal citation and quotation marks omitted).  Taleo does not even point to any "cease and desist letters" sent by GeoTag to accused infringers in Delaware.  Indeed, after Microsoft, Google and Where2GetIt filed declaratory judgment actions against GeoTag, GeoTag terminated its incorporation in the State of Delaware to avoid being sued again in Delaware regarding the `474 patent.

Significantly, several courts have specifically rejected the notion that a patentee can be subject to personal jurisdiction in a state based upon patent infringement lawsuits filed outside the forum against parties incorporated or headquartered in the form.  In *Juniper Networks, Inc. v SSL Services LLC*, Civil Action No. C 08-5758 SBA (N.D. Cal. November 16, 2009), the court rejected the declaratory judgment plaintiff's contention that the patentee "purposefully directed its activities towards California by virtue of having 'targeted and sued California-based Citrix Online (and its affiliate Citrix Systems)" for patent infringement based on three of the same patents at issue in this case." *Id*. at 5.  *See* Exhibit B.  The court pointed out that "Juniper [the declaratory judgment plaintiff] ignores that SSL's patent enforcement activity took place in Texas [where SSL's lawsuits were filed], not California." *Id*. at 6.  The court explained:

> Here, the enforcement activity involving the Citrix entities transpired in Texas, not California.  Tellingly, Juniper cites no authority to support its novel argument that the act of filing a lawsuit against an alleged California resident—*in a Texas district court*—is sufficient to make a prima facie showing that it has purposefully availed "itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Avocent*, 552 F.3d at 1329 (internal quotation and citation omitted).  Nor does such an argument make any logical sense. Under Juniper's theory of personal jurisdiction, a defendant would automatically be subject to personal jurisdiction in a forum where it previously sued an entity that happened to conduct business in that particular state, even where the lawsuit was filed in an entirely different state.

8

*Id*.  The court ruled that "SSL's Texas lawsuit against the Citrix entities does not qualify as the type of 'other activities' within the meaning of *Avocent*."  *Id*.  The Federal Circuit affirmed the district court's decision without opinion.  *Juniper Networks, Inc. v SSL Services LLC,* 2010 U.S. App. LEXIS 25498 (Fed. Cir. December 13, 2010).

Similarly, in *Western Digital Technologies, Inc. v. Board of Regents of the University of Texas System*, Civil Action No. C 10-3595 SBA (N.D. Cal. January 12, 2011), the court found that lawsuits filed in the Eastern District of Texas provoking a declaratory judgment action by the accused infringers were directed exclusively at Texas and not the state in which the accused infringers were incorporated or had their headquarters or operations.  The court explained that "the actions giving rise to this declaratory judgment action, i.e., Collins and Davanloo's filing of a patent infringement suit, occurred exclusively in the Eastern District of Texas."  *Id*. at 11.  *See* Exhibit C.

Taleo's allegation that GeoTag Delaware was incorporated in Delaware when it filed some of the lawsuits against Taleo's customers fails to provide a basis for personal jurisdiction.  This argument ignores the Federal Circuit and district court decisions discussed above establishing that patent enforcement litigation initiated by a patentee is directed exclusively at the forum in which such lawsuits are filed.  The state of incorporation of the patentee at the time such lawsuits were filed has nothing to do with what gave rise to the declaratory plaintiff's claim. As the Federal Circuit declared in *Avocent*, "the nature of the claim in a declaratory judgment action is 'to clear the air of infringement charges.'"  *Avocent*, 552 F.3d at 1332. Taleo's declaratory relief claims have nothing to do with the state in which GeoTag was formerly incorporated.  Thus, GeoTag's former incorporation in Delaware cannot establish personal jurisdiction regarding Taleo's claims based upon GeoTag's lawsuits filed in Texas.

*Radio Sys. Corp. v. Accession, Inc.*, 2010 U.S. Dist. LEXIS 50367, 10-11 (E.D. Tenn. May 21, 2010). Therefore, the Court should grant GeoTag's motion to dismiss.

> **B.      In the Alternative, the Court Should Transfer this Case to the Eastern District of Texas Pursuant to the First to File Rule**

Even if the court found personal jurisdiction over GeoTag, the "first to file" rule would be grounds for dismissing this action in favor of the earlier filed Texas suits. *Boston Sci. Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 368 (D. Del. 2009).

In patent cases, "the general rule favor[s] the forum of the first-filed case, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (internal citation omitted). *See also E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 970 (3d Cir. 1988) ("In all cases of federal concurrent jurisdiction, the court which first has possession of the *subject* must decide it.") The Federal Circuit has made clear that the first-to-file rule requires deference to the first-filed action unless there is "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 938 (Fed.Cir. 1993). Principles of comity and sound judicial administration underlie the rule, the aim of which is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (internal quotations omitted).

The fact that Taleo is not a party in the Texas litigation does not undermine the application of the first to file rule. "[T]he first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute." *Advanta Corp. v. Visa U.S.A.*, Inc., No. 96-7940, 1997 WL 88906 at *3 (E.D. Pa. Feb. 19, 1997). *See also Horton Archery, LLC, v. Am. Hunting Innovations, LLC,* No. 5:09CV1604, 2010 WL 395572 at *5 (N.D.

Ohio Jan. 27, 2010) (Even assuming that the defendant in the first-filed case had no legal relationship to Horton Archery, the court concluded that the original patent infringement case certainly and without question gave the first court possession of the issues presented by both matters.); *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008) (Even though the manufacturer and distributor were legally distinct entities, the court found that the first-to-file rule applied, holding that the substantive touchstone of the first-to-file inquiry is subject matter.)  Taleo cannot seriously dispute that the Texas litigation involves the identical subject matter as this action, and it is undisputed that the Eastern District of Texas was the first court in possession of that subject matter.  Thus, dismissing this action or transferring it to the Eastern District of Texas best serves the interests of judicial economy, avoids needless duplication, avoids conflicting rulings and avoids the piecemeal resolution of issues between the parties.

**C.     In the Alternative, the Court Should Transfer the Case Under 28 U.S.C. § 1404(a) to the Eastern District of Texas in the Interest of Justice**

In the event that the Court does not grant GeoTag's motion to dismiss for lack of personal jurisdiction, or motion to dismiss or transfer based upon the first to file rule, it should transfer the case under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Texas, where GeoTag has its principal place of business, and where the Texas Actions are pending.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This Court has discussed the legal standard applicable to motions to transfer pursuant to § 1404(a), and the application of that standard involving GeoTag in other litigation.  GeoTag will not repeat that discussion here.

11

"The feasibility of consolidation is a significant factor in a transfer decision . . . because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974); *see also Electronics for Imaging, Inc. v. Tesseron, Ltd.*, 2008 WL 276567, at *1 (N.D. Cal. Jan. 29, 2008) (transferring a declaratory judgment action to the district in which the defendant had previously filed an infringement action concerning the same patents against a third party, even though plaintiff was a California resident and numerous witnesses lived in California, observing that "[h]aving both actions before a single judge will obviate the need for duplicative tutorials and evidence, and will facilitate global settlement").

Also, the well-established policy favoring transfer of litigation to the forum where the first-filed litigation was filed and is pending is an overwhelming factor favoring transfer of the later-filed declaratory judgment action to the Eastern District of Texas.  Litigating the issues raised by Taleo in this action in the Eastern District of Texas would be more efficient and less costly than proceeding in two forums.  "[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that Section 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990).

In this case, litigating the issues in both forums would force the parties to engage in duplicative discovery and pre-trial motions, require the courts to analyze the same factual and legal issues, and would require both courts to construe the same patent terms.  Furthermore, the witnesses and parties would ultimately be required to attend two trials.  Also, all of the GeoTag litigation in Texas has been transferred to a single judge – Judge Schneider – who has issued a Joint Discovery

and Case Management Plan and ordered the parties in all of the Texas litigation to meet and confer and present a proposal for a case management plan to govern all of the litigation.

In sum, litigating this matter in this forum would squander judicial resources and needlessly require the parties and the courts to duplicate efforts. Thus, the factors of efficiency and consolidation weigh heavily in favor of transfer.


OF COUNSEL:

Eric W. Buether
Christopher M. Joe
Niky Bukovcan
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
(214) 466-1272
eric.buether@bjciplaw.com
chris.joe@bjciplaw.com
niky.bukovcan@bjciplaw.com


Dated:  June 21, 2012

_____ /s/ Kenneth L. Dorsney_____
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com

**ATTORNEYS FOR DEFENDANT
GEOTAG, INC.**

13