## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 12-621 (RGA) |
| v. | ) | |
| | ) | |
| GEOTAG, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT GEOTAG, INC.'S REPLY BRIEF IN SUPPORT OF ITS
### MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

OF COUNSEL:

Eric W. Buether
Christopher M. Joe
Niky Bukovcan
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
(214) 466-1272
eric.buether@bjciplaw.com
chris.joe@bjciplaw.com
niky.bukovcan@bjciplaw.com

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com

**ATTORNEYS FOR DEFENDANT
GEOTAG, INC.**

Dated:  July 20, 2012

# TABLE OF CONTENTS

**Page**

A.  Oracle Has Failed to Plead or Prove that the Court has General Personal
    Jurisdiction over GeoTag ......................................................................................... 1

B.  Oracle Has Failed to Show that the Court Has Specific Personal Jurisdiction
    over GeoTag ............................................................................................................. 3

C.  Oracle Has Not Demonstrated a Justification for Jurisdictional Discovery ............................. 5

D.  Transfer of this Action to the Eastern District of Texas Will Further the
    Interests of Justice and Promote Judicial Economy .................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*,
  552 F.3d 1324 (Fed. Cir. 2008)...................................................................................3-4, 5

*Beals v. Washington International, Inc.*,
  386 A.2d 1156 (Del. Ch. 1978)..........................................................................................2

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008),
  cert. denied, 129 S. Ct. 1318 (2009) ..............................................................................5, 6

*Campbell Pet Co. v. Miale*,
  542 F.3d 879 (Fed. Cir. 2008)........................................................................................4, 5

*Cole v. Caterpillar Machinery Corp.*,
  562 F. Supp. 179 (M.D. La. 1983)......................................................................................2

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ...........................................................................................5

*Radio Systems Corp. v. Accession, Inc.*,
  638 F.3d 785 (Fed. Cir. 2011)............................................................................................3

*Trintec Industries, Inc. v. Pedre Promotional Products., Inc.*,
  395 F.3d 1275 (Fed. Cir. 2005).........................................................................................5

**Statutes**

28 U.S.C. § 1404(a) ..............................................................................................................1

8 Del. C. § 122(2) ..............................................................................................................1, 2

8 Del. C. § 259(a)..................................................................................................................2

Defendant GeoTag, Inc. ("GeoTag") files this reply in support of it Motion to Dismiss Plaintiff Oracle America, Inc.'s complaint for lack of personal jurisdiction or, in the alternative, to transfer Oracle's action to the United States District Court for the Eastern District of Texas under 28 U.S.C. § 1404(a).

## ARGUMENT

### A.   Oracle Has Failed to Plead or Prove that the Court has General Personal Jurisdiction over GeoTag

Oracle contends in its response that "[t]his Court has general personal jurisdiction over GeoTag based on GeoTag's status as a Delaware corporation when it filed its lawsuits against Oracle's customers."  D.I. 9 at 2.  Oracle does not allege or argue that GeoTag is subject to general jurisdiction in Delaware because it has had "continuous and systematic" contacts with Delaware.  Instead, Oracle bases its "general jurisdiction" argument entirely on the ground that GeoTag's predecessor entity, which filed patent infringement lawsuits against customers of Oracle, was incorporated in Delaware when those lawsuits were filed.

Oracle does not dispute that the GeoTag entity it has sued in this lawsuit is incorporated in Texas and not Delaware, and that the GeoTag-Delaware entity ceased to exist in October 2011 when it was merged into the GeoTag-Texas entity.  Instead, Oracle relies on Section 122(2) of the Delaware General Corporation Laws, which provides that "Every corporation created under this chapter shall have power to: . . (2) Sue and be sued in all courts and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding, in its corporate name." 8 Del. C. § 122(2).  The fundamental problem with Oracle's argument is that the GeoTag-Delaware entity no longer exists and is not the GeoTag entity it has sued.  It is well-established under Delaware law that, "[s]ince by statute, corporate existence is terminated on the date of merger, [citation omitted], a corporation ceases to exist on merger for all purposes, including

1

service of process, unless the legislature provides otherwise." *Beals v. Washington International, Inc.*, 386 A.2d 1156, 1161 (Del. Ch. 1978). The party Oracle has sued in this action – GeoTag-Texas – is a Texas corporation and, therefore, is not subject to personal jurisdiction pursuant to 8 Del. C. § 122(2).

Oracle begrudgingly acknowledges the legal principle articulated in *Beals* but fails to acknowledge this necessary conclusion that the principle mandates. D.I. 9 at 8 (citing *Cole v. Caterpillar Machinery Corp.*, 562 F. Supp. 179 (M.D. La. 1983) ("When [constituent corporation] merged with [surviving corporation], it did cease to exist as a separate entity, but its liabilities and assets were assumed by the successor [surviving] corporation. . . ."). Indeed, Oracle's argument that GeoTag-Texas is subject to personal jurisdiction in Delaware is based upon a provision in 8 Del. C. § 259(a), providing that "all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it."

The fundamental problem with this argument by Oracle is that Oracle did not sue GeoTag-Texas in this action for any "debts, liabilities and duties" of GeoTag-Delaware and is not seeking to enforce against GeoTag-Texas any "debts, liabilities and duties" of GeoTag-Delaware. Section 259(a) does not provide that the surviving or resulting corporation is still subject to general jurisdiction under Section 122(2) because a Delaware corporation has been merged into it, or anything to that effect. If Oracle had sued GeoTag-Delaware before it ceased to exist, GeoTag could not "divest" the Court of personal jurisdiction over that entity by merging it into an entity incorporated in another state. But that is not what happened here. Oracle cannot base personal jurisdiction in Delaware over GeoTag-Texas based upon the merger of GeoTag-

Delaware into it because Oracle is not suing GeoTag-Texas for pre-existing debts or liabilities of GeoTag-Delaware, or trying to enforce pre-existing obligations of GeoTag-Delaware. GeoTag-Delaware's "contact" with the State of Delaware by virtue of its incorporation in Delaware ceased in October 2011 when it was merged into GeoTag-Texas, and does not "attach" to GeoTag-Texas, as the surviving entity, except with respect to the enforcement of a pre-existing debt, liability or obligation of GeoTag-Delaware.

Thus, contrary to Oracle's rhetoric, the merger of GeoTag-Delaware into GeoTag-Texas in October 2011 did not "divest" Delaware of personal jurisdiction over GeoTag-Texas. Oracle's complaint was not filed until May 18, 2012, and, therefore, the issue is whether this Court can exercise personal jurisdiction over GeoTag-Texas in a declaratory judgment action concerning Oracle's liability for patent infringement based on the fact that the patent infringement lawsuits filed in Texas were filed by an entity which happened to be incorporated in Delaware at the time the lawsuits were filed. GeoTag-Texas is not subject to personal jurisdiction in Delaware by virtue of this fact because the incorporation in a particular state of a patentee seeking enforcement of its Federal patent rights is not an enforcement or defense effort related to the patent sufficient to establish personal jurisdiction over a declaratory judgment action regarding patent infringement liability issues.

### B. Oracle Has Failed to Show that the Court Has Specific Personal Jurisdiction over GeoTag

As GeoTag pointed out in its opening brief, the Federal Circuit has emphasized that the relevant inquiry for specific jurisdiction is "to what extent . . . the defendant patentee purposefully directed such enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those activities.'" *Radio Systems Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) (citing *Avocent Huntsville Corp. v.*

*Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) (internal citations and quotation marks omitted)). "Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action." *Id.* (internal citation omitted). The state of incorporation of the patentee at the time of those enforcement efforts is not part of this calculus, and cannot be used to establish the patentee's minimum contacts with that forum.[1]

Thus, in declaratory judgment actions where a plaintiff seeks a judgment of noninfringement, the Federal Circuit has "required the defendant to have engaged in 'other activities' that relate to the enforcement or . . . defense of the validity of the relevant patents." *Avocent*, 552 F.3d at 1334 (citing *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008)). Geo-Tag-Delaware's decision to incorporate in the State of Delaware in July 2010 is not an activity related to the enforcement or defense of the validity of the `474 patent. Oracle's lawsuit against GeoTag has nothing to do with which state the patentee who filed the litigation in Texas was previously incorporated. GeoTag-Delaware's status as a Delaware corporation when it filed the lawsuits in Texas is completely irrelevant to the declaratory relief sought by Oracle in this action. Contrary to Oracle's argument, the merger of GeoTag-Delaware into GeoTag-Texas does not "immunize" the GeoTag entities from Oracle's declaratory judgment action. Instead, Oracle is required to pursue its claim for declaratory relief in Texas, where the enforcement activities relating to the `474 patent occurred and where GeoTag-Texas is subject to personal jurisdiction regarding those enforcement activities.

In this case, the only activity engaged in by GeoTag identified by Oracle as giving rise to its declaratory judgment claims for relief is the filing of lawsuits against Oracle customers in

---

[1] Oracle concedes that it was not until October 2011, after GeoTag-Delaware was merged into GeoTag-Texas, that job-locator functionality was accused in the Texas litigation. D.I. 9 at 3-4.

Texas.  Oracle has not alleged that GeoTag has initiated any enforcement efforts related to the patent in Delaware.  Oracle argues at length about the fact that GeoTag has asserted counterclaims against Microsoft and Google in the declaratory judgment action brought by those entities in this Court, but the Federal Circuit has made it clear that the relevant inquiry is whether the patentee **initiated** judicial patent enforcement in a forum.  Examples of the "other activities" that relate to the enforcement or defense of the validity of the relevant patents include "**initiating** judicial or extra-judicial patent enforcement within the forum. . . ."  *Avocent*, 552 F.3d at 1334 (emphasis added) (citing *Campbell Pet Co.*, 542 F.3d at 886).  GeoTag's counterclaims asserted in the Microsoft/Google litigation are compulsory counterclaims and cannot be regarded as initiating judicial patent enforcement in this forum.

### C.      Oracle Has Not Demonstrated a Justification for Jurisdictional Discovery

Oracle makes a passing request for jurisdictional discovery.  The Court should deny this request because Oracle has not demonstrated how jurisdictional discovery could cure the deficiencies in its showing of a basis for the assertion of personal jurisdiction over GeoTag.

District courts have discretion in determining whether to permit jurisdictional discovery. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008), cert. denied, 129 S. Ct. 1318 (2009). Jurisdiction discovery is generally appropriate only "where the existing record is 'inadequate' to support personal jurisdiction and 'a party demonstrates that it can supplement its jurisdictional allegations through discovery.'"  *Trintec Industries, Inc. v. Pedre Promotional Products., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (quotation and citation omitted).  Thus, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery."  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (internal quotation

omitted); *see also Boschetto,*539 F.3d at 1020, *cert. denied*, 129 S. Ct. 1318 (2009) (denial of the plaintiff's request for discovery, "which was based on little more than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion.").

Oracle has not made any showing regarding what jurisdictional discovery it is seeking or what evidence it believes such discovery could uncover that would cure its inadequate showing of a basis for personal jurisdiction over GeoTag in this case.

> **D.     Transfer of this Action to the Eastern District of Texas Will Further the Interests of Justice and Promote Judicial Economy**

Oracle attempts to avoid GeoTag's compelling showing that transferring this action to the Eastern District of Texas, where GeoTag's lawsuits against Oracle's customers have been pending for some time, will further the interests of justice and promote judicial economy by trying to equate this case with the Microsoft/Google litigation where the Court denied GeoTag's motion for transfer.  Since the Court denied that motion to transfer, the Court has commented on the unique circumstances surrounding the Microsoft/Google litigation that led to its decision not to transfer that litigation when the Court granted GeoTag's motion to transfer the declaratory judgment action filed in this Court by Where2GetIt and denied the motion to intervene in that lawsuit by Nielsen/Wilke Thornton.  Oracle's action, which Oracle concedes is predicated upon claims by GeoTag in the Texas litigation against only 16 of its customers, is more analogous to the Where2GetIt action and the Nielsen/Wilke Thornton motion to intervene.

Significantly, Oracle fails to explain why it cannot effectively pursue its claims for declaratory relief by intervening in the Texas litigation, rather than filing this duplicative litigation in this Court.  Indeed, another company that provides similar job-locator technology to customers who have been sued by GeoTag in the Texas litigation based, in part, on the use of that technology – iCims – has intervened in nine of the GeoTag lawsuits to protect the interests

6

of its customers.  *See* Exhibits A and B.  The Court should transfer this lawsuit by Oracle to the Eastern District of Texas so that Oracle can seek declaratory relief in that litigation, just as iCIMS has done.


OF COUNSEL:

Eric W. Buether
Christopher M. Joe
Niky Bukovcan
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
(214) 466-1272
eric.buether@bjciplaw.com
chris.joe@bjciplaw.com
niky.bukovcan@bjciplaw.com


Dated:  July 20, 2012

    */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com


**ATTORNEYS FOR DEFENDANT GEOTAG, INC.**

# EXHIBIT   A

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GEOTAG, INC., <br><br> v. <br><br> FRONTIER COMMUNICATIONS CORP.; *et al.*, | **2:10-cv-265** |
| GEOTAG, INC., <br><br> v. <br><br> AROMATIQUE, INC.; *et al.*, | **2:10-cv-570** |
| GEOTAG, INC., <br><br> v. <br><br> GUCCI AMERICA, INC.; *et al.*, | **2:10-cv-571** |
| GEOTAG, INC., <br><br> v. <br><br> RENT-A-CENTER, INC.; *et al.*, | **2:10-cv-573** |
| GEOTAG, INC., <br><br> v. <br><br> THE WESTERN UNION COMPANY; *et al.*, | **2:10-cv-574** |
| GEOTAG, INC., <br><br> v. <br><br> ROYAL PURPLE, INC.; *et al.*, | **2:10-cv-575** |

1

| | |
|---|---|
| GEOTAG, INC.,<br><br>v.<br><br>YAKIRA, L.L.C.; *et al.*, | **2:10-cv-587** |
| GEOTAG, INC.,<br><br>v.<br><br>WHERE 2 GET IT, INC.; *et al.*, | **2:11-cv-175** |
| GEOTAG, INC.,<br><br>v.<br><br>EYE CARE CENTERS OF AMERICA, INC.;<br> *et al.*, | **2:11-cv-404** |
| GEOTAG, INC.,<br><br>v.<br><br>CIRCLE K STORES, INC.; *et al.*, | **2:11-cv-405** |
| GEOTAG, INC.,<br><br>v.<br><br>CANON, INC.; *et al.*, | **2:12-cv-43** |

## UNOPPOSED MOTION TO INTERVENE BY iCIMS, INC.

iCIMS, Inc. ("iCIMS") provides talent acquisition software solutions to its customers. Included among the solutions iCIMS provides is a job locator functionality that its customers utilize on their websites. While Plaintiff GeoTag, Inc.'s ("GeoTag") claims originally implicated the defendants' use of store locator software, subsequent infringement contentions filed by

GeoTag implicate some of the defendants' use of job locator software, including several iCIMS' customers. After receiving GeoTag's infringement contentions, some of iCIMS' customers requested that iCIMS defend and indemnify them with regard to that portion of the claim that implicates iCIMS' job locator functionality.

By asserting claims against iCIMS' customers regarding iCIMS' job locator functionality, GeoTag has in fact accused iCIMS' product of infringement. And by accusing iCIMS' product of infringement, GeoTag has created a "case or controversy" between iCIMS and GeoTag, and this Court has jurisdiction to resolve that "case or controversy" under 28 U.S.C. §§ 1331, 1338, and 2201.

Pursuant to Fed. R. Civ. P. 24, iCIMS respectfully requests that this Court permit iCIMS to intervene as a defendant in the following cases: 2:10-cv-265, 2:10-cv-570, 2:10-cv-571, 2:10-cv-573, 2:10-cv-574, 2:10-cv-575, 2:10-cv-587, 2:11-cv-175, 2:11-cv-404, 2:11-cv-405, and 2:12-cv-43. iCIMS seeks to file a Complaint in Intervention in the proposed form attached hereto as Exhibit "A". This litigation is in its early stages, and ICIMS' intervention at this time would not impact the schedule or prejudice any party.

## I.   BACKGROUND AND PROCEDURAL HISTORY.

GeoTag filed the above-captioned lawsuits against approximately 500 defendants alleging infringement of U.S. Patent No. 5,930,474 (the "474 Patent"). GeoTag's claims pertain to various locator services on defendants' commercial websites. The first such action, GeoTag, Inc. v. Georgio Armani S.P.A., 2:10-cv-00569, was filed on or about December 17, 2010.

On or about November 21, 2011, GeoTag served its Disclosure of Asserted Claims and Infringement Contentions (the "Infringement Contentions"). The claims charts accompanying the Infringement Contentions purport to identify the accused instrumentality of each defendant.

In January of 2012, iCIMS' customer, Carhartt, Inc., advised iCIMS that its job locator functionality was identified as an accused instrumentality in GeoTag's infringement contentions, and requested that iCIMS defend and indemnify Carhartt with respect to this claim given that Carhartt's job locator functionality is provided by iCIMS. Carhartt's communication was the firm time iCIMS learned that its job locator functionality had been accused of infringing the patent in suit.

To date, at least seven (7) of iCIMS' customers have requested that iCIMS defend and indemnify them in this litigation with respect to GeoTag's claims regarding the use of iCIMS' job locator functionality. The claims asserted by GeoTag against iCIMS' customers are not solely limited to iCIMS' job locator functionality but, rather, also implicate these customers' use of other locator software (such as store locator and product locator software).

On or about April 15, 2012, this Court entered a case management order scheduling, among other things, a Rule 16 Conference for July 11, 2012.

iCIMS files this timely Motion to Intervene so that iCIMS can adequately defend its product and the claims asserted by GeoTag against its customers, and to do so in as efficient and organized a manner as possible.

## II.  LEGAL ARGUMENT.

### A.  The Court Should Grant iCIMS Permissive Intervention.

iCIMS' Motion to Intervene is timely, and iCIMS proposes to assert claims and defenses

that share common issues of fact and law with other defendants. Therefore, iCIMS respectfully requests that the Court grant it permissive intervention.

Fed. R. Civ. P. 24 (b) governs permissive intervention, and provides as follows: "On timely motion, the court may permit anyone to intervene who . . .has a claim or defense that shares with the main action a common question of law or fact." The determination of allowing permissive intervention under Rule 24(b) is wholly discretionary even where there is a common question of law or fact. Reid v. General Motors Corp., 240 F.R.D. 257. 259 (E.D. Tex. 2006) (citing New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470-71 (5th Cir.1984)).

In Reid, Judge Folsom granted Microsoft permissive intervention to defend its product in a case where the plaintiffs brought an infringement action against Microsoft's customer (Halliburton) for use of a Microsoft product. Id. at 260. Since Microsoft's proposed pleading sought to assert a claim of noninfringement similar to the noninfringement claim brought by Halliburton regarding the patent in issue, Judge Folsom found that common questions of law and fact existed. Id. Judge Folsom further found that the motion was timely and that no prejudice would result from permitting intervention, even though the motion was filed well after the complaint was filed, because the motion was filed at the same time that substantial revisions to the scheduling order were required.[1] Id.

Reid is directly analogous to this matter and supports iCIMS' request for permissive intervention. As in Reid, GeoTag is suing licensors/end users of locator products for patent infringement. iCIMS, like Microsoft in Reid, is a licensor of one of the products that is the subject of a portion of GeoTag's claims, and therefore has an interest in defending its product

---

[1] Substantial revisions to the scheduling order were required in Reid because the case was transferred from the Honorable T. John Ward to the Honorable David Folsom. Id.

directly.  Since one of iCIMS' products/services is an accused instrumentality is this litigation, iCIMS' rights, interests, and obligations may be effected by the outcome of this litigation.

Additionally, iCIMS' proposed pleading seeks to raise claims of invalidity and noninfringement similar to those already raised by other defendants.  *Compare e.g.* iCIMS' proposed Complaint in Intervention, attached hereto as Exhibit "A," with Carhartt, Inc.'s Answer and Counterclaim, attached hereto as Exhibit "B." Finally, iCIMS' motion, like Microsoft's motion in <u>Reid</u>, is timely in that iCIMS' Motion was filed soon after discovering that its product was implicated by GeoTag.  Significantly, just like in <u>Reid</u>, no prejudice will befall any of the parties if iCIMS is granted intervention because a case management order was recently entered and a schedule has not yet been put in place by the Court.  As a result, iCIMS should be granted permissive intervention and granted leave to file its proposed Complaint in Intervention.

### B.   In The Alternative, The Court Should Grant Intervention Of Right.

Alternatively,  iCIMS respectfully argues that the Court should grant iCIMS intervention as of right.[2]

Fed. R. Civ. P. 24(a) governs intervention of right, and states as follows: "On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.  A party may intervene as of right if it satisfies four (4) requirements: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede

---

[2] Judge Folsom never reached the issue in <u>Reid</u> of whether Microsoft's request for intervention as of right should be granted because Judge Folsom granted Microsoft's request for permissive intervention.

its ability to protect its interest; and (4) the applicant's interests must be inadequately represented by the exiting parties to the suit.  Reid v. General Motors Corp., 240 F.R.D. 257. 259 (E.D. Tex. 2006) (*citing* Sierra Club v. Espy, 18 F.3d 1202, 1204-05 (5th Cir. 1994)).

Here, iCIMS satisfies all four requirements.  First, as set forth in full above, iCIMS' Motion is timely.  Second, iCIMS clearly has an interest related to the property or transaction that is the subject of these matters since GeoTag has claimed that iCIMS' job locator product infringes its patent.  Third, any disposition of the issue whether iCIMS' product infringes GeoTag's patent seriously impacts iCIMS.  Thus, disposition of this action without iCIMS would impair or impede iCIMS' ability to protect its interests.  Fourth, it cannot be assumed that iCIMS' interests will be adequately protected by its customers because its customers neither created nor host the job locator functionality and, therefore, do not possess the knowledge base to adequately defend GeoTag's claims of infringement.  Furthermore, iCIMS is the real party in interest with respect to its products and/or services.  Accordingly, iCIMS respectfully submits that it satisfies the requirements for, and should be granted, intervention as of right.

## III.    CERTIFICATE OF CONFERENCE

iCIMS has conferred directly with plaintiff's counsel, Eric Buether about this motion. Plaintiff is not opposed to iCIMS motion to intervene.  Given the large number of defendants, iCIMS' counsel has e mailed defense counsel of record regarding ICIMS motion to intervene.  In the e mail, iCIMS asked for response only in the event of opposition.  As of the filing of this motion, iCIMS has not received any notification of opposition.

## IV.    CONCLUSION

For the reasons set forth above, iCIMS, Inc. respectfully requests that the Court grant its Motion to Intervene and permit iCIMS, Inc. leave to file a Complaint in Intervention, the proposed form of which is attached hereto as Exhibit "A" in accordance with Fed. R. Civ. P. 24.

Respectfully submitted

ANDERSON & CUNNINGHAM, P.C.


/s/   *David K. Anderson*
_____
David K. Anderson
SBT No. 01174100
SDT No. 7405
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-650-0260
ATTORNEY-IN-CHARGE FOR DEFENDANT
iCIMS, INC.

OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.

Julie B. Cunningham
SBT No. 05240700
SDT No. 15051
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-650-0260

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Steven A. Haber
Matthew A. Green
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103-1895
Telephone: 215-665-3000
Fax: 215-665-3165

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically pursuant to Local Rule CV-5(a) and that a copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b) (1) via the Court's CM/ECF on this 21st day of June, 2012.

/s/ *David K. Anderson*
_____

David K. Anderson

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-265** |
| **FRONTIER COMMUNICATIONS CORP.;** *et al.,* | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-570** |
| **AROMATIQUE, INC.;** *et al.,* | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-571** |
| **GUCCI AMERICA, INC.;** *et al.,* | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-573** |
| **RENT-A-CENTER, INC.;** *et al.,* | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-574** |
| **THE WESTERN UNION COMPANY;** *et al.,* | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-575** |
| **ROYAL PURPLE, INC.;** *et al.,* | |

| | |
|---|---|
| GEOTAG, INC.,<br><br>v.<br><br>YAKIRA, L.L.C.; et al., | **2:10-cv-587** |
| GEOTAG, INC.,<br><br>v.<br><br>WHERE 2 GET IT, INC.; et al., | **2:11-cv-175** |
| GEOTAG, INC.,<br><br>v.<br><br>EYE CARE CENTERS OF AMERICA, INC.;<br> et al., | **2:11-cv-404** |
| GEOTAG, INC.,<br><br>v.<br><br>CIRCLE K STORES, INC.; et al., | **2:11-cv-405** |
| GEOTAG, INC.,<br><br>v.<br><br>CANON, INC.; et al., | **2:12-cv-43** |

## <u>iCIMS, INC.'S COMPLAINT IN INTERVENTION</u>

Defendant iCIMS, Inc. ("iCIMS"), by way of Complaint in Intervention against Plaintiff

Geotag, Inc. ("Geotag"), hereby alleges as follows:

2

## NATURE OF THE CASE

1.      iCIMS seeks a declaratory judgment of non-infringement and/or invalidity of U.S. Patent No. 5,930,474 ("the 474 Patent").

## PARTIES

2.      iCIMS is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located in New Jersey.

3.      iCIMS is a provider of talent management systems that assist customers in various aspects of the human resources process, including recruiting.

4.      According to GeoTag's pleadings, GeoTag is a Delaware corporation with a place of business in Plano, Texas.

## JURISDICTION AND VENUE

5.      There is an actual controversy between iCIMS and GeoTag regarding whether iCIMS' job locator functionality infringes the 474 Patent and whether the 474 Patent is valid.

6.      This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.

7.      Venue is proper in this judicial district pursuant to Title 28 U.S.C. §§ 1391(b) and (c) because GeoTag has brought suit against iCIMS' customers in this venue regarding iCIMS' job locator functionality.

## FACTS COMMON TO ALL COUNTS

8.      Geotag has sued various of iCIMS' customers based, in part, upon the accusation that the job locator functionality provided by iCIMS infringes the 474 Patent.

9.     Several iCIMS customers that are named as defendants in these cases have sought indemnification from iCIMS.

10.     GeoTag purports to be the record owner of the 474 Patent.

### FIRST CLAIM FOR RELIEF
### (Non-Infringement)

11.     iCIMS incorporates paragraphs 1 through 10 above as if fully set forth herein.

12.     A case or controversy exists between iCIMS and GeoTag concerning the non-infringement of the 474 Patent, *inter alia,* due to GeoTag's numerous claims targeting the iCIMS job locator functionality.

13.     iCIMS is entitled to declaratory judgment that its job locator product/service is not infringing, has not infringed, and that iCIMS and its customers are not liable for infringing any claim of the 474 Patent with respect to the job locator functionality, either directly or by inducing others to infringe or by contributing to infringement by others, either literally or under the doctrine of equivalents.

### SECOND CLAIM FOR RELIEF
### (Invalidity)

14.     iCIMS incorporates paragraphs 1 through 13 above as if fully set forth herein.

15.     A case or controversy exists between iCIMS and GeoTag regarding the invalidity of the 474 Patent.

16.     The claims of the 474 Patent are invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq.*, including sections 101, 102, 103, and 112.

### REQUEST FOR RELIEF

WHEREFORE, iCIMS seeks judgment awarding it the following relief:

a)     That every claim of U.S. Patent No. 5,930,474 be declared invalid;

b)      That neither iCIMS nor its customers infringe any valid claim of the '474

Patent;

c)      That the Court finds this an exceptional case and that iCIMS be awarded its

attorneys' fees, costs, and expenses incurred in connection with this action; and

d)      That the Court award such other and further relief as the Court deems just.

### JURY DEMAND

iCIMS  hereby demands a trial by jury.

Respectfully submitted

ANDERSON & CUNNINGHAM, P.C.

/s/   *David K. Anderson*
_____
David K. Anderson
SBT No. 01174100
SDT No. 7405
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-650-0260
ATTORNEY-IN-CHARGE FOR DEFENDANT
iCIMS, INC.

OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.

Julie B. Cunningham
SBT No. 05240700
SDT No. 15051
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-650-0260

5

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Steven A. Haber
Matthew A. Green
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103-1895
Telephone: 215-665-3000
Fax: 215-665-3165

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically pursuant to Local Rule CV-5(a) and that a copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b) (1) via the Court's CM/ECF on this 21st day of June, 2012.

/s/ *David K. Anderson*
_____
David K. Anderson

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-265** |
| **FRONTIER  COMMUNICATIONS CORP.;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-570** |
| **AROMATIQUE, INC.;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-571** |
| **GUCCI AMERICA, INC.;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-573** |
| **RENT-A-CENTER, INC.;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-574** |
| **THE WESTERN UNION COMPANY;** *et al.*, | |

| | |
|---|---|
| **GEOTAG, INC.,** | |
| **v.** | **2:10-cv-575** |
| **ROYAL PURPLE, INC.;** *et al.*, | |

1

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:10-cv-587** |
| YAKIRA, L.L.C.; *et al.*, | |

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:11-cv-175** |
| WHERE 2 GET IT, INC.; *et al.*, | |

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:11-cv-404** |
| EYE CARE CENTERS OF AMERICA, INC.; *et al.*, | |

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:11-cv-405** |
| CIRCLE K STORES, INC.; *et al.*, | |

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:12-cv-43** |
| CANON, INC.; *et al.*, | |

## **PROPOSED ORDER**

The Court having considered iCIMS, Inc.'s Motion to Intervene and the proposed Intervenor Complaint submitted therewith, and any opposition thereto, is of the opinion that the motion should be granted.

IT IS ORDERED THIS ____ day of ____, 2012, that iCIMS, Inc.'s Motion to Intervene is hereby GRANTED and that iCIMS, Inc. shall have ten (10) days from the date of this Order to file its Complaint in Intervention.

# EXHIBIT   B

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:10-cv-265** |
| FRONTIER COMMUNICATIONS CORP.; *et al.*, | |

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:10-cv-570** |
| AROMATIQUE, INC.; *et al.*, | |

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:10-cv-571** |
| GUCCI AMERICA, INC.; *et al.*, | |

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:10-cv-573** |
| RENT-A-CENTER, INC.; *et al.*, | |

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:10-cv-574** |
| THE WESTERN UNION COMPANY; *et al.*, | |

| | |
|---|---|
| GEOTAG, INC., | |
| v. | **2:10-cv-575** |
| ROYAL PURPLE, INC.; *et al.*, | |

1

| | |
|---|---|
| *GEOTAG, INC.,* | |
| *v.* | *2:10-cv-587* |
| *YAKIRA, L.L.C.; et al.,* | |
| GEOTAG, INC., | |
| v. | **2:11-cv-175** |
| **WHERE 2 GET IT, INC.;** e*t al.*, | |
| GEOTAG, INC., | |
| v. | **2:11-cv-404** |
| **EYE CARE CENTERS OF AMERICA, INC.;** e*t al.*, | |
| GEOTAG, INC., | |
| v. | **2:11-cv-405** |
| **CIRCLE K STORES, INC.;** e*t al.*, | |
| GEOTAG, INC., | |
| v. | **2:12-cv-43** |
| **CANON, INC.;** e*t al.*, | |

## iCIMS, INC.'S COMPLAINT IN INTERVENTION

Defendant iCIMS, Inc. ("iCIMS"), by way of Complaint in Intervention against Plaintiff

Geotag, Inc. ("Geotag"), hereby alleges as follows:

2

**NATURE OF THE CASE**

1.      iCIMS seeks a declaratory judgment of non-infringement and/or invalidity of U.S. Patent No. 5,930,474 ("the 474 Patent").

**PARTIES**

2.      iCIMS is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located in New Jersey.

3.      iCIMS is a provider of talent management systems that assist customers in various aspects of the human resources process, including recruiting.

4.      According to GeoTag's pleadings, GeoTag is a Delaware corporation with a place of business in Plano, Texas.

**JURISDICTION AND VENUE**

5.      There is an actual controversy between iCIMS and GeoTag regarding whether iCIMS' job locator functionality infringes the 474 Patent and whether the 474 Patent is valid.

6.      This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.

7.      Venue is proper in this judicial district pursuant to Title 28 U.S.C. §§ 1391(b) and (c) because GeoTag has brought suit against iCIMS' customers in this venue regarding iCIMS' job locator functionality.

**FACTS COMMON TO ALL COUNTS**

8.      Geotag has sued various of iCIMS' customers based, in part, upon the accusation that the job locator functionality provided by iCIMS infringes the 474 Patent.

9.      Several iCIMS customers that are named as defendants in these cases have sought indemnification from iCIMS.

10.     GeoTag purports to be the record owner of the 474 Patent.

## FIRST CLAIM FOR RELIEF
### (Non-Infringement)

11.      iCIMS incorporates paragraphs 1 through 10 above as if fully set forth herein.

12.      A case or controversy exists between iCIMS and GeoTag concerning the non-infringement of the 474 Patent, *inter alia,* due to GeoTag's numerous claims targeting the iCIMS job locator functionality.

13.      iCIMS is entitled to declaratory judgment that its job locator product/service is not infringing, has not infringed, and that iCIMS and its customers are not liable for infringing any claim of the 474 Patent with respect to the job locator functionality, either directly or by inducing others to infringe or by contributing to infringement by others, either literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF
### (Invalidity)

14.      iCIMS incorporates paragraphs 1 through 13 above as if fully set forth herein.

15.      A case or controversy exists between iCIMS and GeoTag regarding the invalidity of the 474 Patent.

16.      The claims of the 474 Patent are invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq.*, including sections 101, 102, 103, and 112.

## REQUEST FOR RELIEF

WHEREFORE, iCIMS seeks judgment awarding it the following relief:

a)      That every claim of U.S. Patent No. 5,930,474 be declared invalid;

4

b)    That neither iCIMS nor its customers infringe any valid claim of the '474

Patent;

c)    That the Court finds this an exceptional case and that iCIMS be awarded its

attorneys' fees, costs, and expenses incurred in connection with this action; and

d)    That the Court award such other and further relief as the Court deems just.

## JURY DEMAND

iCIMS  hereby demands a trial by jury.

Respectfully submitted

ANDERSON & CUNNINGHAM, P.C.


/s/  *David K. Anderson*
_____
David K. Anderson
SBT No. 01174100
SDT No. 7405
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-650-0260
ATTORNEY-IN-CHARGE FOR DEFENDANT
iCIMS, INC.


OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.

Julie B. Cunningham
SBT No. 05240700
SDT No. 15051
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-650-0260

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Steven A. Haber
Matthew A. Green
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103-1895
Telephone: 215-665-3000
Fax: 215-665-3165

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically pursuant to Local Rule CV-5(a) and that a copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b) (1) via the Court's CM/ECF on this 26th day of June, 2012.

/s/ *David K. Anderson*
_____

David K. Anderson